# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| Lawrence R. MERENDA, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-493 (MTT) |
| Justin J. TABOR, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant Justin Tabor's Motion to Vacate Clerk's Entry of Default (Doc. 7), Defendant Justin Tabor's Motion for Extension of Time to File an Answer (Doc. 8), and Plaintiff Lawrence Merenda's Motion for Default Judgment as to Liability (Doc. 5).

On December 20, 2010, the Plaintiff filed this 42 U.S.C. § 1983 action against the Defendant, a Georgia State Patrol trooper, for injuries he allegedly suffered during his arrest on December 24, 2008. The Defendant was served on December 29, 2010, and thus responsive pleadings were due to be filed on or before January 19, 2011.

On January 7, 2011, the Defendant mailed a copy of the complaint and his request for representation from his post in Perry, Georgia to the Legal Services Office of the Georgia Department of Public Safety in Atlanta. The Legal Services Office did not receive the materials until January 18. Business activity in Atlanta largely came to a halt during the week of January 10 because of a snow and ice storm, and the Martin Luther King, Jr. holiday was observed Monday, January 17. This undoubtedly explains

why the Defendant's January 7 mailing was not received until January 18. The Legal Services Office then hand-delivered the materials to the Office of Attorney General.

On January 20, the Plaintiff moved for entry of default and the Clerk's Office entered default on that day. On January 21, the Office of Attorney General "processed and received" the complaint and filed a notice of appearance that same day. The following Monday, January 24, the Defendant filed a motion to vacate the default.

Pursuant to Fed. R. Civ. P. 55(a), the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Pursuant to Fed. R. Civ. P. 55(c), the court may set aside an entry of default for "good cause."

The Defendant claims the inclement weather during the week of January 10, 2011 constitutes sufficient good cause to vacate the Clerk's entry of default. The Plaintiff, however, argues that inclement weather does not constitute good cause because the Defendant could have avoided the risk of mailing by facsimileing or emailing the materials to the Legal Services Office. The Plaintiff cites *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987) for the proposition that failure to establish certain minimum procedural safeguards to ensure complaints are forwarded to counsel in a timely manner precludes a finding of good cause.

In *Gibbs*, the Plaintiff served John Lemay, Air Canada's Personnel and Administration Manager on April 6, 1981. Lemay called Patrick Saul in Air Canada's legal department, but was unable to reach him and left a message with Saul's secretary. Saul never returned the call and Lemay did not follow up his telephone call. On April 8, Lemay sent the complaint by company mail to Saul, but he never received it. Defaults

were entered against Air Canada on May 8 and June 8.  The district court entered default judgment on December 9.  Air Canada did not learn of this judgment until January 27, 1982, and filed its motion to set aside on February 12.  The district court set aside the default judgment with regard to damages, but not liability because it found that "Air Canada's failure to answer the complaint was caused by its lack of minimum procedural safeguards." *Id.* at 1532.  The Eleventh Circuit affirmed.

*Gibbs* is distinguishable.  The Department of Public Safety and the Attorney General had procedures in place and these procedures actually worked fairly well given the extremely unusual weather conditions.  While not perfect, these procedures allowed the Office of Attorney General to act promptly once it learned that the Defendant had been served.  Based on the unusual weather during the week of January 10 and the Attorney Generral's prompt response once it learned of the Complaint, the Court finds good cause to open the default.

Accordingly, the Plaintiff's Motion for Default Judgment as to Liability (Doc. 5) is **DENIED**; the Defendant's Motion to Vacate Clerk's Entry of Default (Doc. 7) is **GRANTED**; and the Defendant's Motion for Extension of Time to File an Answer (Doc. 8) is **GRANTED**.  The Defendant is hereby ordered to file an answer by February 3, 2011.

**SO ORDERED**, this the 31st day of January, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT